**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
May 12, 2026

IN RE:

DUSTIN D. HARRIS and AMANDA J.
HARRIS,

                Debtors.

Case No. 25-11822-T
Chapter 7

NICHOLAS MEYER,

                Plaintiff,

v.

DUSTIN D. HARRIS,

                Defendant.

Adv. No. 26-01008-T

**ORDER DENYING MOTION TO DISMISS COMPLAINT AND
GRANTING LEAVE TO AMEND**

Before the Court is Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Fed. R. Bankr. P. 7012) (the "Motion"),[1] filed by Dustin D. Harris ("Defendant"); the Response,[2] filed by Nicholas Meyer ("Plaintiff"); and the Reply,[3] filed by Defendant. Defendant seeks dismissal of the Complaint,[4] filed by Plaintiff on February 17, 2026.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[5] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to

---

[1] ECF No. 12.
[2] ECF No. 15.
[3] ECF No. 16.
[4] ECF No. 1.
[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

## Background

On February 17, 2026, Plaintiff filed this adversary proceeding to except debts from discharge pursuant to § 523.[6] The Complaint alleges Plaintiff is a creditor of Defendant "with claims in excess of $130,000 evidenced by two (2) judgments entered in the District Court of Tulsa County, State of Oklahoma[.]"[7] Plaintiff claims that he obtained the first judgment against Defendant in the principal amount of $65,000.00 on April 12, 2023. However, Plaintiff does not provide any further detail regarding said judgment in the Complaint, and it is unclear what relief Plaintiff seeks related to this judgment.[8]

As to the second judgment, Plaintiff asserts that Marc Miller Buick GMC, Inc. ("Miller") sued Plaintiff f/d/b/a Sand Springs Collision Repair, LLC, for certain goods, wares, and merchandise fraudulently obtained by Defendant in an attempt to operate Sand Springs Collision Repair, LLC without Plaintiff's authority.[9] Unbeknownst to Plaintiff, Defendant had allegedly reinstated Plaintiff's company with the Oklahoma Secretary of State on March 17, 2021, and again on January 11, 2022.[10] During this time, Defendant conducted the transaction with Miller by charging the goods to the Sand Springs Collision Repair, LLC account and then failing to pay for them.[11] In response to Miller's suit, Plaintiff filed a third-party complaint against Defendant. Because Defendant failed to participate in the litigation, Plaintiff filed a motion for default

---

[6] ECF No. 1.
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*
[11] ECF No. 1 at 3.

judgment. The Tulsa County District Court granted Plaintiff's motion for default judgment on August 15, 2024, finding that Defendant committed fraud, deceit, embezzlement, and larceny and was unjustly enriched ("Miller State Court Judgment").[12] The Complaint requests that this Court find the debt represented by the Miller State Court Judgment is excepted from discharge pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).[13]

**Discussion**

Defendants filed the Motion pursuant to Rule 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."[14] Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[15] In addition, if a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."[16] In other words, a party alleging fraud or mistake must plead facts establishing the "who, what, when, and where" of the alleged fraudulent conduct.[17] Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[12] ECF No. 1-2.

[13] *Id.* at 5.

[14] Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

[15] Fed. R. Civ P. 8, made applicable to this proceeding by Fed. R. Bankr. P. 7008; *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

[16] Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009.

[17] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076, 2025 WL 892618, at *7 (Bankr. W.D. Okla. Mar. 21, 2025) (quoting *New Century Bank v. Carmell (In re Carmell)*, 424 B.R. 401, 412 (Bankr. N.D. Ill. 2010)) ("[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public. That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against.").

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] While the Court is required to accept all factual allegations as true, the same does not apply to legal conclusions.[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20] A complaint cannot simply assert a legal conclusion that it has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.[21] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[22]

   *A. The Amended Complaint Fails to State a Claim Under § 523(a)(2)(A)*

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[23] With that in mind, § 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[24] However,

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[19] *Id.* at 678.

[20] *Id.* (citing *Twombly*, 550 U.S. at 555).

[21] *Twombly*, 550 U.S. at 563.

[22] *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 555).

[23] *See In re Bloom*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

[24] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

courts have distinguished debts obtained by actual fraud, determining "that '[i]n order to except a debt from discharge on the basis of actual fraud, a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute.'"[25] "'Fraud' in a dischargeability claim means fraud in fact, involving moral turpitude or intentional wrong, and not fraud in law, which may exist without imputation of bad faith."[26] Thus, the debtor must have acted with subjective intent, which may be inferred from the totality of the circumstances.[27]

Defendant argues that the Complaint fails to include any factual allegations establishing a claim under § 523(a)(2)(A) for false pretenses or false representation. In his Response, Plaintiff concedes that his § 523(a)(2)(A) claim is not based on misrepresentation, but rather a pattern of fraudulent conduct.[28] Therefore, Plaintiff's cause of action appears to be based on actual fraud. However, the Complaint cannot simply rely upon the Miller State Court Judgment as a substitute for pleading factual allegations supporting a claim for actual fraud.[29] Plaintiff has failed to include critical factual allegations, such as the "who, what, when, and where" of the allegedly fraudulent conduct. There are no factual allegations providing certain key details, *i.e.*, what the allegedly fraudulent behavior consisted of, as well as when and where the fraudulent conduct occurred and

---

[25] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[26] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted).

[27] *In re Johnson*, 477 B.R. at 169.

[28] ECF No. 15 at 3 ("There were no misrepresentations made to Plaintiff, but he alleged a pattern of fraudulent behavior practiced by Defendant in his attempt to operate Plaintiff's limited liability company without the authority to do so or knowledge of Plaintiff.").

[29] "Bankruptcy courts independently determine whether particular debts are excepted from discharge." *KC Coring & Cutting Const., Inc. v. McArthur (In re McArthur)*, 391 B.R. 453, 458 (Bankr. D. Kan. 2008) (citing *In re McKendry*, 40 F.3d 331, 335 (10th Cir. 1994)). To the extent Plaintiff believes this Court is precluded from litigating certain issues of fact or law, he must specifically invoke the appropriate doctrines and demonstrate his entitlement to the application of said doctrines.

by whom the fraud was allegedly committed.[30] Moreover, there are no factual allegations

regarding Defendant's alleged intent.[31] The Court finds the Complaint does not meet the pleading

standards of Rules 8(a) or 9(b) and the applicable case law interpreting those Rules. Thus, the

Court finds Plaintiff has failed to state a claim pursuant to § 523(a)(2)(A).

*B. The Amended Complaint Fails to State a Claim Under § 523(a)(4)*

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a

fiduciary capacity, embezzlement, or larceny." To state such a claim for fraud or defalcation while

acting in a fiduciary capacity, "'a plaintiff must allege that: (1) a fiduciary relationship existed

between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud

or defalcation committed by the debtor in the course of the fiduciary relationship.'"[32] The issue of

whether a fiduciary relationship existed is a question of federal law, although state law is

relevant.[33] It is also important to note that, in the context of dischargeability, "the general definition

of fiduciary—a relationship involving confidence, trust and good faith—is too broad[.]"[34] Rather,

the fiduciary relationship necessary to satisfy § 523(a)(4) is one that arises from an express or

---

[30] *See, e.g.*, *Chandler v. Sw. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 312 (N.D. Ill. 1995). The Court notes the Miller State Court Judgment was entered against Defendant and Harris Collision, LLC. *See* ECF No. 1-2.

[31] *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024) (quoting *Tobias v. Alvarado (In re Alvarado)*, 608 B.R. 877, 884-85 (Bankr. W.D. Okla. 2019)) ("Although false pretenses, false representation, and actual fraud represent different concepts, the elements of scienter, reliance, and materiality are common to all and must be proven by a preponderance of the evidence in order for the creditor to prevail.").

[32] *In re Ward*, 589 B.R. at 429-30 (quoting *In re Burton*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).

[33] *In re Van De Water*, 180 B.R. 283, 289 (Bankr. D.N.M. 1995) (citing *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).

[34] *Id.* (first citing *In re Romero*, 535 F.2d 618, 621 (10th Cir. 1976); and then *In re Angelle*, 610 F.2d 1335, 1338–39 (5th Cir. 1980)).

technical trust.[35] Additionally, the trust must be established or imposed prior to the allegedly tortious conduct creating the debt.[36] "The characteristics of an express trust are (1) sufficient words to create a trust; (2) a definite subject; and (3) a certain and ascertained object or res."[37]

Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[38] Larceny, on the other hand, is "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert [such property] to the taker's use and with intent to permanently deprive the owner of such property."[39] The critical difference between the two "is that with embezzlement, the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully."[40] Additionally, the fraudulent intent required to prove embezzlement or larceny differs from that required under § 523(a)(2) in that "the property must generally be appropriated or converted *with the intent*

---

[35] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4).").

[36] *In re White*, 2021 WL 450992, at *7.

[37] *In re Van De Water*, 180 B.R. at 289 (citing *In re Thornton*, 544 F.2d 1005, 1007 (9th Cir. 1976)).

[38] *Fire Fighters Credit Union v. Burd (In re Burd)*, No. 16-1037, 2017 WL 1191536, at *3 (Bankr. N.D. Okla. Mar. 28, 2017) (quoting *Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 531 (10th Cir. BAP 2003)) (quotations omitted).

[39] *Id.* (quoting *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002)) (quotations omitted).

[40] *Friday*, 2025 WL 892618, at *11 (first citing *Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004); then *In re Palilla*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013); and then *Tilley*, 286 B.R. at 789).

*permanently to deprive.*"[41] Furthermore, unlike fraud or defalcation, a plaintiff is not required to provide proof of a fiduciary relationship to allege embezzlement or larceny under § 523(a)(4).[42]

Defendant argues the Complaint fails to state a claim under § 523(a)(4). For the same reasons articulated above, the Court finds the Complaint does not meet the applicable pleading standards provided by Rules 8(a) and 9(b) required to support a plausible claim for relief under § 523(a)(4). The Complaint fails to state with particularity the necessary details required to sufficiently allege fraudulent activity. Therefore, the Court finds Plaintiff has failed to state a claim pursuant to § 523(a)(4).

*C. The Amended Complaint Fails to State a Claim Under § 523(a)(6)*

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In this context, willfulness "is more akin to intentional torts than negligent or reckless torts or a 'knowing breach of contract.'"[43] There must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[44] To fulfill the malicious injury element of § 523(a)(6), "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the creditor.'"[45] In other

---

[41] *In re Palilla*, 493 B.R. at 252 (quoting 2 Charles E. Torcia, Wharton's Criminal Law § 385 (15th ed. 1993)) (emphasis added).

[42] *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988); *Hernandez v. Dorado (In re Dorado)*, 400 B.R. 304, 309 (Bankr. D.N.M. 2008).

[43] *In re Bloom*, 2022 WL 2679049, at *7 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).

[44] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau*, 523 U.S. at 61) (quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[45] *In re Yiannos*, 673 B.R. at 489-90 (first quoting *In re Bloom*, 2022 WL 2679049, at *7; and then citing *In re Smith*, 618 B.R. 901, 919 (10th Cir. BAP 2020)).

words, the action must have been committed wrongfully and without just cause or excuse.[46] However, maliciousness does not require a showing of personal animus. Notably, fraud and embezzlement are both considered intentional torts and thus will support a claim pursuant to section 523(a)(6).[47]

Defendant contends Plaintiff failed to sufficiently allege Defendant intended to harm Plaintiff or thought injury was substantially certain to occur. The Court agrees. Plaintiff failed to provide any allegations supporting, or even suggesting, a claim for willful and malicious injury and thus failed to state a claim pursuant to § 523(a)(6).

*D. Leave to Amend*

In his Response, Plaintiff requests that, should the Court determine Plaintiff failed to sufficiently plead claims pursuant to § 523, it grant him leave to amend the Complaint.[48] Whether to grant leave to amend is within the Court's discretion.[49] Moreover, "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect."[50] Despite the identified pleading deficiencies, the Court finds it appropriate to allow amendment. As such, Plaintiff will be given leave to amend his Complaint to sufficiently plead causes of action under § 523(a).

## Conclusion

Plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated above, Defendant's Motion to Dismiss Complaint shall be denied. Plaintiff will be given thirty (30) days to file an amended complaint.

---

[46] *Id.*
[47] *Groom v. Krook (In re Krook)*, 615 B.R. 479, 487 (Bankr. N.D. Ill. 2020).
[48] ECF No. 15 at 3.
[49] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).
[50] *Triplett v. LeFlore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Fed. R. Bankr. P. 7012), filed by Dustin D. Harris, Defendant herein, at ECF No. 12, is hereby DENIED.

IT IS FURTHER ORDERED that, **on or before June 11, 2026**, Plaintiff shall file an amended complaint setting forth the relief he seeks in compliance with the Federal Rules of Bankruptcy Procedure.

IT IS FURTHER ORDERED that, in the absence of the timely filing of an amended complaint, the Court shall enter an order dismissing this adversary proceeding by separate order.

DATED this 12th day of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

10