**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:** | |
| **DUSTIN D. HARRIS and AMANDA J. HARRIS,** | **Case No. 25-11822-T** <br> **Chapter 7** |
| **Debtors.** | |
| **NICHOLAS MEYER,** | |
| **Plaintiff,** | |
| **v.** | **Adv. No. 26-01008-T** |
| **DUSTIN D. HARRIS,** | |
| **Defendant.** | |

Filed/Docketed
Jul 22, 2026

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Before the Court is Defendant's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) & (Fed. R. Bankr. P. 7012) (the "Motion"),[1] filed by Dustin D. Harris ("Defendant"). Plaintiff did not file a response. Defendant seeks dismissal of the First Amended Complaint,[2] filed by Plaintiff on June 10, 2026.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[3] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to

---

[1] ECF No. 20.

[2] ECF No. 19.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

## Background

On February 17, 2026, Plaintiff filed this adversary proceeding to except debts from discharge pursuant to § 523.[4] Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on March 27, 2026,[5] which the Court denied and granted Plaintiff leave to amend.[6] Plaintiff then filed his First Amended Complaint (the "Amended Complaint") on June 10, 2026, asserting a claim pursuant to § 523(a)(2)(A).[7]

The Amended Complaint alleges Plaintiff is a creditor of Defendant "with claims in excess of $130,000 evidenced by two (2) judgments entered in the District Court of Tulsa County, State of Oklahoma[.]"[8] Plaintiff claims he obtained the first judgment against Defendant in the principal amount of $65,000.00 on April 12, 2023.[9] Plaintiff then obtained the second judgment against Defendant on August 15, 2024. The second judgment was the result of a lawsuit filed by Marc Miller Buick GMC, Inc. ("Miller") against Plaintiff, f/d/b/a Sand Springs Collision Repair, LLC, to recover payment for certain goods, wares, and merchandise it supplied to the LLC. In response to Miller's suit, Plaintiff asserted third-party claims against Defendant and Harrison Collision, LLC, alleging Defendant fraudulently obtained the goods from Miller in an attempt to operate Sand Springs Collision Repair, LLC without Plaintiff's authority. Because Defendant failed to

---

[4] ECF No. 1.

[5] ECF No. 12.

[6] ECF No. 17.

[7] ECF No. 19. Plaintiff's Amended Complaint appears to have abandoned his § 523(a)(4) and (a)(6) claims.

[8] *Id.* at 2.

[9] Plaintiff does not provide any further detail regarding said judgment in the Amended Complaint, and the connection between the judgment and Plaintiff's § 523(a)(2)(A) claim remains unclear.

respond to Plaintiff's third-party petition, the court entered a Journal Entry of Partial Default Judgment, awarding Plaintiff the principal amount of $45,943.14, in addition to $9,825.00 in attorney fees, plus $10,000.00 in punitive and exemplary damages.

According to the Amended Complaint, on or about December 9, 2020, Plaintiff and Sand Springs Collision Repair, LLC agreed to sell certain assets to Defendant. Importantly, the agreement was not a sale of Sand Springs Collision Repair, LLC itself. However, Defendant allegedly reinstated the LLC, without Plaintiff's knowledge or authority, with the Oklahoma Secretary of State on March 17, 2021, and again on January 11, 2022. Defendant then, after purchasing the LLC, and over an unknown period of time, charged goods, wares, and merchandise sold by Miller to Sand Springs Collision Repair, LLC's open account, which was personally guaranteed by Plaintiff. Miller then sued Plaintiff to recover the unpaid balance existing on the open account.

### Discussion

Defendant filed the Motion pursuant to Rule 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."[10] Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] In addition, if a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."[12] Thus, a party alleging fraud or mistake must plead facts establishing the "who, what, when, and where" of the allegedly fraudulent

---

[10] Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

[11] Fed. R. Civ. P. 8, made applicable to this proceeding by Fed. R. Bankr. P. 7008; *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

[12] Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009.

conduct.[13] Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] While the Court is required to accept all factual allegations as true, the same does not apply to legal conclusions.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] A complaint cannot simply assert a legal conclusion that a plaintiff has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.[17] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[18]

### A. Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[19] Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

---

[13] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076, 2025 WL 892618, at *7 (Bankr. W.D. Okla. Mar. 21, 2025) (quoting *New Century Bank v. Carmell (In re Carmell)*, 424 B.R. 401, 412 (Bankr. N.D. Ill. 2010) ("[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public. That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against.").

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[15] *Id.* at 678.

[16] *Id.* (citing *Twombly*, 550 U.S. at 555).

[17] *Twombly*, 550 U.S. at 563.

[18] *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 555).

[19] *See Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

4

false pretenses, a false representation, or actual fraud[.]" Thus, a claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the facts of the specific case.[20] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of bad faith or immorality."[21] In other words, the debtor must have acted with subjective intent to deceive.[22]

A false representation is an explicit, definable statement resulting in a misrepresentation.[23] A false pretense, on the other hand, is an implied misrepresentation, which includes a material omission or conduct intended to create and foster a false impression.[24] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[25]

Actual fraud encompasses a broader range of conduct and does not require a false representation.[26] Instead, the term "actual fraud" entails "any deceit, artifice, trick, or design

---

[20] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

[21] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted); *see also Ritz*, 578 U.S. at 360.

[22] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[23] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

[24] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

[25] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)). *See Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[26] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016).

involving direct or indirect operation of the mind, used to circumvent or cheat another."[27] To assert a claim for actual fraud, "a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."[28]

### A.   False Pretenses and False Representation

According to Defendant, the Amended Complaint lacks the particularity required by Rule 9(b) in that it fails to identify: the representation made, whether implied or explicit; to whom the representation was made; when it was made; or how the representation was communicated.[29] Additionally, Defendant complains there are no allegations claiming that any representation was made to *Plaintiff*, or that *Plaintiff* relied upon said representation. Rather, the Amended Complaint asserts *Miller* relied on Defendant's representation and there are no facts indicating Miller assigned any fraud-based claim to Plaintiff such that he may seek recovery here.

Even interpreting the Amended Complaint in the light most favorable to Plaintiff, the Court finds it does not provide sufficient factual allegations establishing a claim pursuant to § 523(a)(2)(A) for false representation or false pretenses. Critical facts remain absent from the Amended Complaint. At most, the Amended Complaint provides that Defendant intentionally represented that he possessed the authority to use the Sand Springs Collision Repair, LLC account and did so with the intent of deceiving Miller. The Amended Complaint does not provide that a representation, express or implied, was made to Plaintiff, the creditor, or that Plaintiff relied on said representation. Thus, the Court finds the Amended Complaint does not meet the pleading standards of Rules 8(a) or 9(b) and the applicable case law interpreting the application of those

---

[27] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 n.14 (10th Cir. BAP 2013) (quoting *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

[28] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[29] ECF No. 20 at 7.

Rules. Therefore, the Court finds Plaintiff has failed to state a claim pursuant to § 523(a)(2)(A) for false representation and false pretenses.

### B. Actual Fraud

Although Plaintiff failed to state a claim based upon false representation and false pretenses, the Court finds he has stated a § 523(a)(2)(A) claim for actual fraud. The term "fraud" is generic in the sense that it "embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth."[30] Thus, there is "[n]o definite and invariable rule . . . defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."[31] Here, Plaintiff has provided factual allegations that Defendant purchased goods, wares, and merchandise from Miller by charging the goods to an open account for which he knew he did not have the authority to use and with the intent not to pay Miller for said goods, all while knowing Plaintiff had personally guaranteed the account. Thus, Plaintiff alleged facts that Defendant committed fraud; Defendant intended to defraud; and said fraudulent conduct created Plaintiff's debt. The Amended Complaint has sufficiently alleged facts informing Defendant of the claims asserted against him,[32] and allows the Court "to believe plaintiff has a reasonable likelihood of mustering factual support for the stated claims."[33] Therefore, the Court finds Plaintiff has stated a claim pursuant to § 523(a)(2)(A) for actual fraud.

---

[30] *McClellan*, 217 F.3d at 893 (quoting *Stapleton v. Holt*, 250 P.2d 451, 453-54 (Okla. 1952)).

[31] *Id.* (quoting *Holt*, 250 P.2d at 453-54).

[32] *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) ("Rule 9(b)'s purpose is 'to afford [a] defendant fair notice' of a plaintiff's claims and the factual grounds supporting those claims.") (citation omitted).

[33] *Myers Operations, Inc. v. Noles (In re Noles)*, 22-01058, 2023 WL 2636311, at *8 (Bankr. W.D. Okla. Mar. 24, 2023) (citing *Higginbottom v. Mid-Del Sch. Dist.*, No. CIV-15-1091, 2016 WL 951691, at *2 (W.D. Okla. 2016)).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) & (Fed. R. Bankr. P. 7012), filed by Dustin D. Harris, Defendant herein, at ECF No. 20, is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED Defendant's Motion to Dismiss is hereby GRANTED IN PART as to Plaintiff's claim for false representation and false pretenses pursuant to § 523(a)(2)(A).

IT IS FURTHER ORDERED Defendant's Motion to Dismiss is hereby DENIED as to Plaintiff's claim for actual fraud pursuant to § 523(a)(2)(A).

IT IS FURTHER ORDERED that, **on or before Wednesday, August 5, 2026**, Defendant shall file an answer to the First Amended Complaint.

DATED this 22nd day of July, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY